

**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| TRINITY CODY, | ) |
| | ) CASE NO. 09-62576 |
| Debtor. | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

Debtor Trinity Cody ("debtor") retained Debra Booher & Associates LPA ("Booher & Associates") for the purpose of filing a chapter 13 bankruptcy. Debtor's petition was filed on June 25, 2009. The Statement Pursuant to 2016(b) filed with the petition indicates that the debtor agreed to a fee of $3,000 with $2,000 paid up front. According to the Statement, the only service expressly excluded from the $3,000 fee is representation of the debtor in adversary proceedings.

In April of 2009, the debtor terminated Booher & Associates and retained Nicole Rohr as bankruptcy counsel. On May 19, 2010, Booher & Associates filed an application for attorney fees. The fees requested total $5,000. On June 9, 2010, the debtor objected to Booher & Associates' attorney fees as excessive.

A hearing was held on July 14, 2010. Nicole Rohr represented the debtors and Dynele L. Schinker represented Booher & Associates. At hearing, Nicole Rohr stated that, while she thought a fee of $5,000 was excessive, she did not object to a fee of $3,000. The Court took the matter under advisement and ordered that Booher & Associates file a copy of its retention agreement with the debtor. The order provided that confidential or privileged information could be redacted from the retention agreement.

On July 22, 2010, Booher & Associates filed a supplement to its application for attorney fees. The supplement included the retention agreement, which had been redacted down to the following two paragraphs:

> **Alternative #2: Chapter 13 - Debt Repayment Plan** Pay debt by making payments to the Court Trustee each payday. NOT INCLUDED IN TRUSTEE PAYMENT: mortgage payments due after Plan is filed in Court (unless plan states otherwise), leased cars, future expenses. Your payment will vary depending on the percentage of repayment of unsecured debts that the Court approves and the treatment of debts in plan.
> Attorney fee: You agree to pay $_____ down & to pay Balance of $_____ Total: $_____ due by _____
> Balance paid in Chapter 13 Plan unless otherwise noted. You agree to pay our hourly rate ($185/hr) for time spent on any additional work necessary throughout the life of your plan. If you decide not to file, you agree to pay our hourly rate for time spent on your case. COURT COSTS: MONEY ORDER OR CASHIER'S CHECK PAYABLE TO DEBRA BOOHER & Assoc. Co., LPA for $274 FOR FILING FEE.

## LAW AND ANALYSIS

The burden of proof as to the entitlement to and reasonableness of fees sought rests on the applicant. In re Four Star Terminals, Inc., 42 B.R. 419, 429 (Bankr. D. Alaska 1984); In re Crutcher Transfer Line, Inc., 20 B.R. 705, 710 (Bankr. D. Ky. 1982). Entitlement and reasonableness are separate issues. For example, if a fee is not allowed under a retention agreement, an attorney is not entitled to it even if it is reasonable.

The Court requested the retention agreement in this case to determine if Booher & Associates is entitled to the fee it requests. Unfortunately, the two paragraphs provided are unhelpful because they fail to describe what services fall under the $3,000 flat fee and what services are "additional services" charged at $185 per hour. As such, Booher and Associates has failed to meet its burden of proving that it is entitled to fees greater than $3,000.

Accordingly, the application for attorney fees is allowed in the amount of $3,000 and disallowed to the extent that it seeks compensation greater than $3,000.

An order will issue with this opinion.

\#   \#   \#

SERVICE LIST:

Trinity M. Cody
PO Box 35762
Canton, OH 44735

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Debra E. Booher
Debra Booher & Assoc., Co., LPA
One Cascade Plaza
First Floor
Akron, OH 44308

Dynele L. Schinker
Debra Booher & Assoc. Co., LPA
1 Cascade Plaza
1st Floor
Akron, OH 44308

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708